UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ERIC LAUDERDALE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-088 RM |
| | ) | |
| SUPERINTENDENT, WESTVILLE | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

Petitioner Eric Lauderdale, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing at the Indiana State Prison in Case # ISP 07-08-0046. On August 13, 2007, a disciplinary hearing body ("DHB") found Mr. Lauderdale guilty of attempted escape, sentenced him to one year in disciplinary segregation, and took one hundred eighty days of earned credit time away from him. Mr. Lauderdale appealed to the superintendent and the final reviewing authority. The final reviewing authority initially affirmed the DHB decision, but on reconsideration has now modified the conviction to the Class C offense of "Being in an unauthorized Area," reduced the segregation sentence to ninety days, and reduced the earned credit time deprivation to ninety days. (Docket # 8-10)

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial

decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." <u>Superintendent, Mass. Correctional Institution v. Hill</u>, 472 U.S. 445, 455 (1985).

In his traverse, Mr. Lauderdale suggests that the Final Reviewing Authority "lacked jurisdiction" to modify the charge and sanction after he had initially affirmed the DHB's decision. (Docket # 9-2 at p. 1). In his memorandum supporting the traverse, Mr. Lauderdale concedes that he argued on appeal to the final reviewing authority "that he should have only been found guilty of a Class C-365 being in an unauthorized area" (Docket # 9-2 at pp. 7-8). The final reviewing authority has now agreed with Mr. Lauderdale and has done as he asked by modifying the charge against him to being in an unauthorized area and by modifying the sanction against him to make it less severe. Mr. Lauderdale now argues that the final reviewing authority lacked jurisdiction to modify the charge and sentence on reconsideration, suggesting that the final reviewing authority's actions are precluded by the holding in <u>Wolff v. McDonnell</u>, that "where administrators, faced with possible scrutiny by reviewing courts where fundamental rights may have been abridged acted fairly." (Docket # 9-2 at p. 10).

Mr. Lauderdale asked the final reviewing authority to modify the charge against him, and the final reviewing authority has done so on reconsideration. This does not appear to be unfair to Mr. Lauderdale, nor does it appear to be contrary to either the spirit or letter of Wolff v. McDonnell. Accordingly, the parties' submissions establish that the petitioner is before this court on a finding of guilt of being in an unauthorized area for which he lost ninety days of earned credit time.

In ground one of his petition, Mr. Lauderdale asserts that insufficient evidence supported the board's finding of guilt. The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. at 455. The "some evidence" standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id.* at 457. The Constitutional standard of "some evidence" is met if:

> there is some evidence from which the administrative tribunal could be deduced . . .. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Indeed, the relevant question is whether there is any evidence in the record that could the support the conclusion reached by the disciplinary board.

Superintendent v. Hill, 472 U.S. at 455-56.

The conduct report and attachments establish that Mr. Lauderdale was supposed to

be in the chapel, and that when prison officials discovered he wasn't there they called an emergency headcount to find him. (Docket # 8-2). Mr. Lauderdale turned himself in to Correctional Sergeant M. McDaniel in A Cell House, where he was not authorized to be. At the hearing, Mr. Lauderdale denied trying to escape, but admitted he was in an unauthorized area. (Docket # 8-7). The charge against Mr. Lauderdale has been reduced from escape to being in an unauthorized area — so the conduct report and his admission at the hearing provide some evidence that he was in a portion of the prison where he was not authorized to be.

Mr. Lauderdale also asserts that the DHB denied him "the opportunity to present evidence crucial to his claims of innocence." (Docket # 1-7 at p. 5). He argues that the DHB reviewed a portion of the security videotape from A Cell House. Mr. Lauderdale says he asked the DHB to "view the tape to 9:22 a.m., which would have showed him in the cellhouse on the range, thus clearly refuting the claims of attempted escape." (Docket # 1-7 at p. 6). It is undisputed that Mr. Lauderdale was in A Cellhouse before the portion of the videotape viewed by the DHB members. Accordingly, an earlier or later portion of the videotape would add nothing to the body of evidence before the board. Prison disciplinary boards may decline to hear witnesses whose testimony would be irrelevant or repetitive. Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002). The portion of the videotape the DHB didn't review would have been repetitive on the charge of attempted escape, and it isn't even arguably exculpatory evidence when the charge is being in an unauthorized area.

For the foregoing reasons, the court DENIES the petition for writ of habeas corpus.

SO ORDERED.

DATED: October  14 , 2008

  /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court